J-A10028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EVAN LEFFERTS BAKER | : | |
| | : | |
| Appellant | : | No. 1198 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 18, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0007932-2017,
CP-09-CR-0007932-2017, CP-09-CR-0007932-2017,
CP-09-CR-0007932-2017, CP-09-CR-0007932-2017,
CP-09-CR-0007933-2017, CP-09-CR-0007933-2017,
CP-09-CR-0007933-2017, CP-09-CR-0007933-2017,
CP-09-CR-0007933-2017

BEFORE:  BOWES, J., SHOGAN, J., and PELLEGRINI, J.*

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED: JANUARY 4, 2021**

I respectfully disagree with the majority's reluctant conclusion that ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), requires Baker's appeal to be quashed and that he be excluded as a party to the pending proceedings before this Court concerning SORNA's constitutionality.  Rather than simply terminate Baker's appellate rights, I would treat his notice of appeal as a petition to join the appeals of other defendants named in the caption of the order on review and then allow him to be an appellant in those appeals.

_____

* Retired Senior Judge assigned to the Superior Court.

Significantly, the trial court's order resolves a pure question of law that was raised in numerous identical challenges and argued at the same hearing. The order's caption includes seven participating defendants, including Baker. Five of those defendants have filed valid appeals on the identical issue of SORNA's constitutionality.

The appeals docketed at 1180 EDA 2019 (Vernon Kline); 1184 EDA 2019 (Keith Morris); 1218 EDA 2019 (Christopher L. Henneghan); 1243 EDA 2019/3007 EDA 2018 (Darrius J. Prince); and 1572 EDA 2019 (Timothy Davis) all involve challenges to the same discrete legal finding by the trial court on SORNA's validity. The trial court consolidated those cases, including Baker's, for argument. We have also consolidated the corresponding appeals.

Regardless of **Walker**, Pa.R.A.P. 341, and the bedeviling note to that rule, Baker would still be entitled to join the proceedings as a full-fledged appellant:

> **Parties interested jointly, severally or otherwise in any order in the same matter or in joint matters or in matters consolidated for the purposes of trial or argument**, may join as appellants or be joined as appellees in a single appeal where the grounds for appeal are similar, or any one or more of them may appeal separately or any two or more may join in an appeal.

Pa.R.A.P. 512 (emphasis added).

Again, other defendants have each filed valid notices of appeal from the same order Baker attempts to challenge. This order was entered after consolidation for purposes of argument and Baker had the right to appeal it.

He clearly has a joint interest in the appeals of the other defendants, as the grounds are exactly the same.

Nothing in **Walker** or the appellate rules precludes Baker from joining an appeal of another party who has filed a notice comporting with all jurisdictional requirements. Rule 314 concerns the validity of a single appeal for jurisdictional purposes, not the scope of joinder once a single appeal has been properly filed. Moreover, Rule 512 expressly *permits* the joinder of a party to the valid appeal of another party even when his interests stem from a *separate* matter resolved in the same order. The Official Note of Rule 512 specifies that the rule only "describes who may join in a single notice of appeal," and "does not address whether a single notice of appeal is adequate under the circumstances presented."

Nevertheless, the majority appears to imply that in order for one party to join a valid appeal of another party under Rule 512, the two parties' respective cases must fall under a single docket number. The suggestion is that the jurisdictional requirements for filing an appeal are in force when a party only seeks to join an appeal that has already been properly filed. Respectfully, I believe that such an interpretation is flawed in several ways.

As I see it, requiring a would-be joining party to have a case under the same docket number as the original appellant would effectively nullify Rule 512. The very premise of the rule is that different parties having "joint matters" or "matters consolidated for the purposes of trial or argument" may

- 3 -

be joined as appellants in one appeal. Rule 512 imposes no additional requirement that parties in separate matters must share a single docket number. Nor does the Official Note of Rule 512 say anything to that effect.[1]

If this Court yet concludes, as an issue of first impression, that Rule 512 requires a joining party to share a docket number with the initial filing party, then this new interpretation may not be enforced against Baker in the present case. The precedent set by **Walker** is that where the language of a procedural rule is newly construed based on peripheral terms, such as those in an official note, the new construction only applies *prospectively* to future cases. **See Walker**, 185 A.3d at 977 (clarifying that the Official Note of Pa.R.A.P. 341 prohibits more than docket number on a single notice of appeal, but declining to quash the appeal on those grounds).

For all of these reasons, I believe that quashing Baker's appeal on a procedural technicality, without joining him as an appellant as Rule 512 permits, would be an unnecessary and inequitable result.

Thus, I must respectfully dissent.

---

[1] It is difficult to imagine scenarios where different parties who share a case under the same docket number would ever need to have their cases consolidated for purposes of trial or argument, as Rule 512 contemplates. By implication, then, joinder does not depend on separate matters falling under a single docket number.